## MacFADDEN HEALTH SERVICE BUREAU CORP v SIEGEL

### Ohio Municipal Court of Lakewood

### Decided May 13, 1938

L. W. Myron, Cleveland, for plaintiff.
A. A. Neiger, Cleveland, for defendant.

By WILLIAMS, J.

This matter comes before the court on a demurrer filed by plaintiff. The demurrer is directed to the second cause of action of a counterclaim for malicious prosecution filed by the defendant, and purporting to set forth a cause of action for damages. A brief statement of fact would

be advisable in order that the question raised by the demurrer be clearly presented and understood. First, the question is:

"Do the allegations of the counterclaim in this case state a cause of action against the plaintiff for malicious prosecution of a civil suit against the defendant where jurisdiction over the person of the. defendant was obtained by summons only, not accompanied by arrest of her person, seizure of her property, or other injury not common to all other similar lawsuits." .

The facts as taken from the pleadings disclose the following:

"Plaintiff, a New York corporation, claims a sum of money to be due it from defendant upon a written contract for articles sold and delivered to defendant. A copy of the contract is attached and made a part of the petition.

"Defendant, answering, admits the execution of the contract but, for reasons not material to the question now before the court, denies any indebtedness on her part to this plaintiff."

Further, the facts alleged in the counterclaim, upon which we must determine whether or not the defendant is entitled to press her claim against the plaintiff for malicious prosecution are as follows:

"That upon at least four occasions the plaintiff engaged lawyers and collectors to pursue and force the defendant into paying the alleged claim."

"That on each occasion referred to, the defendant was obliged to and did engage counsel to represent her."

"That upon the first two occasions her counsel did successfully represent her in opposing said claim."

Of what this representation consisted is not elaborated upon by the pleader. Presumably however, it did not refer to any instituted litigation because the counterclaim then goes on to state:

"That upon the third occasion, notwithstanding the intervention of defendant's counsel," plaintiff "did file in this court Cause No. 12249."

The pleader then goes on to allege that the above mentioned case No. 12249 was dismissed without prejudice by plaintiff "upon indication by the court that judgment should be for the defendant," and that subsequently the case was refiled by the plaintiff, being the case at bar. These are all of the pertinent facts.

It appears then that in two instances the plaintiff made some effort to collect the money claimed to be due it from the defendant, but the exact nature of this action is not made clear. Thereafter, suit was instituted in this court, which was later dismissed without prejudice to the right of the plaintiff to begin further proceedings if it so desired. The case was then refiled, and is the one out of which arises the question now under consideration.

It does not appear from the foregoing that the defendant has been subjected to any undue or unreasonable harrassment at the hands of the plaintiff. On the contrary, it seems to this court that the procedure has been fairly normal. That is to say, it is quite proper that one claiming a debt due should take the customary preliminary steps to effect a collection of such debt. This apparently was done, but resulted unsuccessfully. Then it seems quite logical that court action might be instigated in order to obtain a judicial determination of the points in controversy between the parties. This was done. The fact that a case so filed was dismissed without prejudice and refiled does not, in the opinion of the court, entitle the defendant upon such refiling, to set up by way of counterclaim a cause of action for malicious prosecution. To support any other theory would be to discourage the filing of many just claims, and besides, the courts would soon be cluttered with all sorts of litigation, much of which would be of doubtful merit. One function of the courts is to bring disputes between parties to a conclusion rather than to encourage and foster their continuation.

Here it is worthy of note, that in the matter of these proceedings, the action of the plaintiff did not result in the arrest of the defendant, nor the seizure of any of her property by attachment, replevin, writ, order or other process of the court. On the contrary, jurisdiction over the person of the defendant was acquired in case No. 12249 and in present action by personal service of summons upon defendant. I can find nothing, either, to indicate other injury to defendant not common to all similar law suits.

Now then, what is the rule in Ohio

with reference to a situation of this kind? **Ohio Jurisprudence Vol. 25, pg 875,** says:

"One line of authority is to the effect that there is no right of action for the prosecution of a civil suit maliciously and without probable cause, unless there is an arrest of the person, or seizure of the property, of the defendant therein; while another, perhaps numerically greater, line of authority takes the view that there need be no arrest of the person, or seizure of property to sustain the action. The former rule is followed in Ohio."

Also on pp. 876 and 877:

"It may now be considered the approved doctrine that an action for the malicious prosecution of a civil suit may be maintained whenever, by virtue of any order, or writ, issued in the malicious suit, the defendant in that suit has been deprived of his personal liberty, or of the possession, use, or enjoyment of property of value. * * * But to sustain the action, it must appear that either the person or his property has been seized; that is, there must be either arrest of the plaintiff, or some special injury arising to his property."

Upon these grounds alone it is the opinion of the court that the demurrer should be sustained.

However, we may go a step further, as if to make assurance doubly sure. To say the least, the claim of the defendant as set forth in her counterclaim, is premature. After all, there has not as yet been any determination of the plaintiff's claim on its merits, and we do not know whether the action by plaintiff is in fact groundless, or malicious and without probable cause. It seems that the sound rule to follow would be that no action for malicious prosecution of a civil suit may be filed until the original suit, which becomes the predicate for the action for malicious prosecution, is legally terminated; and it must not only be terminated, but terminated in favor of the plaintiff in the action for malicious prosecution.

We may turn to Ohio Jurisprudence for support of this conclusion; **Volume 25, Ohio Jurisprudence, p. 881.**

"In an action for a malicious prosecution, it is well settled that the prosecution must be shown to be at an end at the time the petition is filed. The prosecution must be legally at an end for the reason that, until it is so terminated, it cannot be known that the accused will not be convicted. The rule applies as well where a groundless civil suit constitutes the cause of action, as where it is based upon a criminal prosecution.

"It is a well-recognized rule that the termination of the former suit **must be in favor of the plaintiff in the action for malicious prosecution,** leading, in a criminal suit, to his acquittal or discharge from arrest, and to a judgment in his favor, in a civil proceeding." .

The foregoing being the conclusions of the court upon the question presented, the demurrer to the second cause of action of defendant's counterclaim is sustained with exceptions duly noted.